LEE FRANKLIN DeLAWDER *v.* WARDEN, MARYLAND HOUSE OF CORRECTION

[App. No. 92, September Term, 1974.]

*Decided November 18, 1974.*

Before ORTH, C. J., and POWERS and GILBERT, JJ.

ORTH, C. J., delivered the opinion of the Court.

On 30 June 1972 Lee Franklin DeLawder was found guilty by a jury in the Circuit Court for Montgomery County of carnal knowledge of a female under the age of 14 years. A 15 year sentence was imposed. The judgment was affirmed on direct appeal. *DeLawder v. State*, No. 663, September Term, 1972, filed 8 June 1973, unreported, 18 Md. App. 740, *cert. denied* 269 Md. 757. He filed a petition on 19 December 1973 attacking the judgment under post conviction procedures. After a plenary hearing, relief was denied by an order of the Circuit Court for Montgomery County issued 14 October 1974. Maryland Rule BK45 a. He seeks leave to appeal from that order. Code, Art. 27, § 645-I; Rule BK46.

At the hearing below DeLawder presented three allegations of error:

"1. That the trial attorney defended the petitioner inadequately and improperly and thereby violated the petitioner's rights to a fair trial, due process and equal protection of the law.

2. That the alleged victim perjured herself and that the State was aware of this perjury thereby violating the petitioner's rights to a fair trial, due process and equal protection of the law.

3. That the trial court's denial to defense counsel of the right to cross-examine in detail the State's witnesses for purposes of attacking their credibility and establishing their hostility towards the petitioner has violated the standards as enunciated in *Davis v. Alaska*, [415 U. S. 308,] concerning the constitutional right to confront the witnesses against the petitioner."

The hearing judge denied relief under all three. He disposed of the first two by baldly stating: "The court finds no merit in the first two contentions." With respect to the third allegation, he found it to be essentially the same contention raised by DeLawder on direct appeal and determined by this Court. He was of the opinion "that it would be inappropriate

under a petition for post conviction relief to reconsider a point previously raised by the petitioner and ruled on by the Court of Special Appeals of Maryland, or to reverse that Court. The court takes this position even through Article 27, Sec. 645A (d) preserves that right for post conviction consideration thinking it more proper for the Court of Special Appeals to review the petitioner's third contention on appeal."

Rule BK45 b provides:

"The order [prescribed by § a of the Rule to be made by the hearing court as justice may require] shall include or be accompanied by a short memorandum of the grounds of the petition, the questions, including specifically the federal and State rights involved, and the reasons for the action taken thereon."

The memorandum included in the order here is deficient because it does not sufficiently set out the reasons for the action taken by the hearing judge. The conclusion that the first two allegations were without merit must be supported by the reasons for the conclusion, adequately expressed. As to the third allegation, it is correct that on direct appeal we adhered to the rule of law that in rape cases the defense is confined to evidence of the general reputation of the victim and is not permitted to show specific acts of sexual misconduct and that in a case of statutory rape, where there can be no consent, even general reputation as to chastity is not a material issue. We held the trial court did not err in sustaining objections made to questions attempting to show that the victim had sexual intercourse with other men on other occasions. Our holding, however, did not necessarily finally litigate the contention as presented upon collateral attack. Code, Art. 27, § 645A (d) provides:

"For the purposes of this subtitle and notwithstanding any other provision hereof, no allegation of error shall be deemed to have been finally litigated or waived where, subsequent to any

decision upon the merits thereof or subsequent to any proceeding in which said allegation otherwise may have been waived, any court whose decisions are binding upon the lower courts of this State holds that the Constitution of the United States or of Maryland imposes upon State criminal proceedings a procedural or substantive standard not theretofore recognized, which such standard is intended to be applied retrospectively and would thereby affect the validity of the petitioner's conviction or sentence."

*Davis v. Alaska, supra,* was decided 27 February 1974, subsequent to our decision on direct appeal. We think the hearing judge should have determined the third contention on the merits and given his reasons for the action he took thereon.

The application for leave to appeal is granted. The case is remanded with direction to the hearing judge to determine whether the action of the trial court in restricting the cross-examination of the victim was proscribed by the holding in *Davis v. Alaska, supra,* and, if so, whether that holding is to be retroactively applied. He shall then file a memorandum giving his reasons for his conclusion that the first two allegations are without merit and his reasons for the action he takes with respect to the third allegation. *See McCready v. Warden,* 9 Md. App. 92.

Nothing we have said herein is to be construed as reflecting any opinion as to the applicability *vel non* of *Davis v. Alaska, supra,* to the case at hand.

*Application granted; case remanded for further proceedings pursuant to this opinion; mandate to issue forthwith.*